UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ROBIN M. SIMMS, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:08CV01480 ERW |
| | ) | |
| CHASE STUDENT LOAN SERVICING, | ) | |
| LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff's Motion to Strike [doc. #18].

**I.  BACKGROUND**[1]

Robin M. Simms ("Plaintiff") filed suit against Chase Student Loan Servicing, LLC and JP Morgan Chase Bank National Association (collectively, "Defendants") on September 26, 2008. Plaintiff was approved for a student loan in the amount of $40,000.00, and she asserts that Defendants issued a stop payment on the check representing the loan funds. Plaintiff seeks to recover for breach of contract, negligence, and violations of 42 U.S.C. § 1981 and 42 U.S.C. § 1982.

---

[1] The Court's recitation of the facts is taken from Plaintiff's First Amended Complaint [doc. #12] and Defendants' Answer and Affirmative Defenses to Plaintiff's First Amended Complaint [doc. #17].

Defendants filed an Answer [doc. #17] to Plaintiff's First Amended Complaint [doc. #12] containing fifteen affirmative defenses. These affirmative defenses raise questions of both law and fact. In the pending Motion, Plaintiff asks that the Court strike Defendants' affirmative defenses.

## II. DISCUSSION

Plaintiff's Motion to Strike does not identify a particular affirmative defense, or defenses, that she seeks to strike. As such, the Court interprets Plaintiff's Motion as attempting to strike all fifteen affirmative defenses pled in paragraphs A through O of Defendants' Answer.[2]

Although courts have "broad discretion" in deciding whether to strike a pleading, such an action is considered an "extreme measure." *Cynergy Ergonomics v. Ergonomic Partners Inc.*, 2008 WL 2817106, at *2 (E.D. Mo. July 9, 2008) (citing *Stanbury Law Firm v. IRS*, 221 F.3d 1059, 1063 (8th Cir. 2000)). Accordingly, motions to strike are viewed with disfavor by courts and are rarely granted. *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977).

Plaintiff asserts that these defenses should be struck because; (1) Defendants are limited to arguing the defenses enumerated in Fed. R. Civ. P. 8(c) and (2) Defendants' defenses are prohibited under Fed. R. Civ. P. 12(f). The Court will consider these arguments separately.

### A. *AFFIRMATIVE DEFENSES ENUMERATED IN FED. R. CIV. P. 8(c)*

Plaintiff first asserts that Defendants are prevented from asserting affirmative defenses that are not listed in Fed. R. Civ. P. 8(c). The rule states that "a party must affirmatively state any

---

[2] Defendants have pled several equitable defenses, including estoppel, acquiescence, laches, waiver and unclean hands. While some courts require that equitable defenses be pled with the specific elements establishing the defense, the Eighth Circuit does not require this heightened level of pleading. *Robertson v. LTS Mgmt. Services LLC*, 2008 WL 4559883, at *11 (W.D. Mo. Oct. 9, 2008). The Eighth Circuit found that a heightened pleading requirement would be "incongruous with the concept of notice pleading." *Cynergy Ergonomic*, 2008 WL 2817106, at *3.

2

avoidance or affirmative defense" and then lists several defenses. *See* Fed. R. Civ. P. 8(c). However, the list of defenses in Fed. R. Civ. P. 8(c) is not exhaustive or exclusive. *Jones v. Bock*, 549 U.S. 199, 212 (2007). As such, Defendants are entitled to plead "any avoidance or affirmative defense" even if that defense is not specifically listed in the Federal Rules. Fed. R. Civ. P. 8(c). As a result, Plaintiff's argument fails.

## B. STRIKING DEFENSES UNDER FED. R. CIV. P. 12(f)

Fed. R. Civ. P. 12(f) governs motions to strike. This rule allows courts to strike specific items "from a pleading." Under this rule, Courts may strike both insufficient defenses as well as any "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

First, the Court must consider whether these defenses are sufficient under Fed. R. Civ. P. 12(f). Courts should not grant a motion to strike "if the insufficiency of the defense is not clearly apparent, or if it raises factual issues that should be determined on a hearing of the merits." *Cynergy Ergonomics*, 2008 WL 2817196, at *2 (citing *Kuhlmeier v. Hazlewood Sch. Dist.*, 578 F. Supp. 1286, 1295 (E.D. Mo. 1984)). Pleadings should be viewed "'in the light most favorable to the pleader.'" *Cynergy Ergonomics*, 2008 WL 2817196, at *2 (quoting *Multimedia Patent Trust v. Microsoft Corp.*, 525 F. Supp. 2d 1200, 1211 (S.D. Cal. 2007)). This Court sees no obvious deficiencies in Defendants' defenses, and in considering all allegations as true, Defendants raise appropriate questions of law and fact for the Court to consider. These defenses are not insufficient under Fed. R. Civ. P. 12(f).

Finally, Plaintiff asserts that these defenses are repetitious, redundant, surplusage, immaterial, contain scandalous matter, are simply rhetorical summation and are confusing. Fed. R. Civ. P. 12(c) provides for striking matters that are "redundant, immaterial, impertinent, or

3

scandalous matter" from the pleadings.[3] Fed. R. Civ. P. 12(f). Parties filing a motion to strike under Fed. R. Civ. P. 12(f) bear the burden of "provid[ing] the Court any reason why this language is immaterial, impertinent, or scandalous." *Copeland v. Hussmann Corp.*, 462 F.Supp.2d 1012, 1023 n.11 (E.D. Mo. 2006). Plaintiff has failed to satisfy this burden because she offers no reason or support for her assertions. The Court has reviewed the affirmative defenses at issue, and finds that they relate directly to Plaintiff's original claim for relief. While the affirmative defenses are numerous, none are needlessly repetitive or foreign to Plaintiff's claim for relief, and they do not contain scandalous matter. As a result, Plaintiff's argument is rejected.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Strike [doc. #18] is **DENIED**.

**IT IS FURTHER ORDERED** that the stay in this action shall be lifted because the Parties were unable to reach a settlement agreement. Additionally, Defendants' Cross Motion to Enforce Settlement and Opposition to Plaintiff's Motion to Compel [doc. #26] is **DENIED, in part.** The Motion to Enforce Settlement is **DENIED.**

Still pending before the Court are Plaintiff's Motion to Compel and for Expenses [doc. #20], Plaintiff's Motion for Leave to Amend Plaintiff's Complaint and Leave to Join Indispensable

---

[3] These terms have precise meanings under this rule. For example, redundant refers to statements "wholly foreign to the issue or that are needlessly repetitive of immaterial allegations." *Resolution Trust Corp. v. Fiala*, 870 F. Supp. 962, 977 (E.D. Mo. 1994) (citing *Burke v. Mesta Machine Co.*, 5 F.R.D.134 (D. Pa. 1946)). Immaterial claims are those lacking essential or important relationships to the claim for relief. *Resolution Trust Corp.*, 870 F. Supp. at 977 (citing *Rawson v. Sears Roebuck & Co.*, 585 F. Supp. 1393, (D. Colo. 1984). Impertinent claims are those that do not pertain to the issues in question. *Id*.

Defendant [doc. #22] and Plaintiff's Motion to Compel and for Expenses [doc. #25]. Defendants' response to Plaintiff's Motion for Leave to Amend is due **April 13, 2009.** A hearing will be held on these Motions on **Wednesday, April 15, 2009** at **2:00 p.m.** in Courtroom 12 South.

Dated this 6th Day of April, 2009.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE